## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 16 2019, 9:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler Banks
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David A. Dowty,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

August 16, 2019

Court of Appeals Case No.
19A-CR-1061

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D05-1807-F6-780

**Brown, Judge.**

[1] David A. Dowty appeals his sentence for three counts of forgery as level 6 felonies. We affirm.

## *Facts and Procedural History*

[2] On or about June 6, 2018, Dowty made, uttered, or possessed a written instrument, to wit "Check #1100," with the intent to defraud A.D., in such a manner that the written instrument purported to have been made by another person or by authority of one who did not give authority. Appellant's Appendix Volume II at 13. On or about June 7, 2018, he made, uttered, or possessed a written instrument, to wit "Check #1101," with the intent to defraud A.D., in such a manner that the written instrument purported to have been made by another person or by authority of one who did not give authority. *Id.* at 14. On or about June 8, 2018, he made, uttered, or possessed a written instrument, to wit "Check #1102," with the intent to defraud A.D., in such a manner that the written instrument purported to have been made by another person or by authority of one who did not give authority. *Id.* at 15.

[3] On July 6, 2018, the State charged him with three counts of forgery as level 6 felonies in cause number 02D05-1807-F6-780 ("Cause No. 780").[1] On September 10, 2018, he entered a plea of guilty on all three counts, and the

---

[1] The affidavit for probable cause and Initial Hearing order included in the record indicate that the cause was originally entered as "02D06-1807-F6-780," and the presentence investigation report states that, "[o]n July 10, 2018, cause number 02D06-1807-F6-780 was transferred to cause number 02D04-1807-F6-780." Appellant's Appendix Volume II at 25, 35, 37. The September 10, 2018 Plea of Guilty included in the record states that the case was "ordered transferred to Superior Court 02D05." *Id.* at 17.

court took the matter under advisement. The State filed a Drug Court Participation Agreement and Dowty was placed into a Drug Court Diversion program. On February 11, 2019, Dowty failed to appear for a Drug Court Status hearing, and the court issued a warrant order, no bond, and ordered his release revoked.

[4] On March 11, 2019, an Allen County Drug Court case manager filed an amended petition to terminate Dowty's participation in the Drug Court/Veterans Court program, which stated that he was discharged from Shepherd's House on February 8, 2019, for failing to return to the house, and tested positive on urine drug screens for cocaine on February 4 and 6, 2019. On the same day, the court found that he had violated the terms of the Drug Court Participation Agreement and ordered him revoked from drug court. It ordered a presentence investigation report ("PSI"), which was filed on April 4, 2019. The PSI included the probable cause affidavit filed in Cause No. 780, which stated that the affiant detective observed "that the victim, [A.D.] reported unauthorized forging and cashing of company business checks," "that on 6/6/18 at 2:37pm check 1100 had been cashed at . . . Kroger store 410 . . . for $100.00," "that on 6/7/18 at 8:55am check 1101 had been cashed at . . . Kroger store 412 . . . for $215.75," and "that on 6/8/18 at 11:41am check 1102 had been cashed at . . . Kroger store 410 . . . for $285.13." *Id.* at 35. The affidavit further stated that the detective contacted A.D., who advised that Dowty worked for him and had access to the company checkbook that was left in a company work truck and that on or about June 8, 2018, he found out his

company account was short and discovered that six checks in total had been written out and signed by Dowty. The PSI indicated that Dowty committed the offenses for which he was convicted in Cause No. 780 while he was on bond in cause number 02D06-1804-F5-120 ("Cause No. 120"), which included "Count 1, Burglary, a level 5 felony; Count II, Possession of Cocaine, a level 6 Felony; and Count III, Habitual Offender." *Id.* at 33. It further stated that, "[p]ursuant to I.C. 35-50-1-2, [Dowty] must serve the sentence imposed in [Cause No. 780] consecutive to the sentence imposed in [Cause No. 120], as he was on bond when he committed the present offense[s]." *Id.* at 34.

[5] On April 11, 2019, the court entered a judgment of conviction on all counts alleged under Cause No. 780 and held a sentencing hearing, in which Dowty stated that he regretted that he did not take advantage of Drug Court, failed his family, wife, and kids, and apologized to his victims. He stated that his addiction was not an excuse but rather "just helped [him] do what [he] did," he had been an addict for twenty-five years, and that when he relapses, he "relapse[s] 100 percent." Transcript Volume II at 8. He also indicated that he was forty-five years old, had a bad heart, and that, if he kept using cocaine, it was "gonna kill" him. *Id.*

[6] The court found his criminal history and failed efforts at rehabilitation from the years 1996 to 2018 as aggravators and stated, "[y]ou've been given the benefit of probation, time in the Department of Correction, you've been on parole, you've been through the home detention program. You've had short jail sentences, longer jail sentences, multiple attempts at treatment and then,

ultimately, the Veteran's Court Program, and yet your criminal conduct has continued." *Id.* at 9. It found his guilty plea and his remorse and acceptance of responsibility as mitigators and sentenced him in Cause No. 780 to one and one-half years on each count to be served concurrently, but consecutively to the sentence imposed for his convictions under Cause No. 120.[2] Dowty now appeals his sentence under Cause No. 780.

## *Discussion*

[7] The issue is whether Dowty's sentence is inappropriate in light of the nature of the offenses and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8] Dowty argues that a sentence of one and one-half years for each count, in excess of the advisory sentence, is inappropriate given his chronic addiction disease and the fact that he is serving a lengthy consecutive term for the convictions in Cause No. 120. He asserts that science has long concluded that incarceration does not cure addiction and requests this Court to consider

---

[2] In Cause No. 120, the court ordered a sentence of "four years on count one, enhanced by a term of three years on count three, for a net sentence on count one of seven years; order two years executed on count two concurrent." Transcript Volume II at 10.

shortening his sentence so that he may continue on to successful recovery. In his reply, he contends that his offenses were a result of his "momentary lapse in judgment resulting from his chronic addiction, and not in efforts to obtain more drugs." Appellant's Reply Brief at 6.

[9] Ind. Code § 35-50-2-7 provides that a person who commits a level 6 felony "shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 1/2) years, with the advisory sentence being one (1) year." To the extent that the court ordered his sentence in Cause No. 780 be served consecutively to the sentence imposed for his convictions under Cause No. 120, Ind. Code § 35-50-1-2(e) provides:

> If, after being arrested for one (1) crime, a person commits another crime:
>
>> (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
>>
>> (2) while the person is released:
>>
>>> (A) upon the person's own recognizance; or
>>>
>>> (B) on bond;
>
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

[10] Our review of the nature of the offenses reveals that Dowty made, uttered, or possessed three checks over the course of three separate days with the intent to

defraud A.D., in such a manner that they purported to have been made by another person or by authority of one who did not give authority.

[11] As for his character, Dowty pled guilty to the three counts of forgery in Cause No. 780 which, as the PSI reveals, were committed using his employer's checks while out on his bond in Cause No. 120. At the sentencing hearing, he indicated he regretted not taking advantage of Drug Court, he had been an addict for twenty-five years, that his addiction was not an excuse, and that when he relapses, he "relapse[s] 100 percent." Transcript Volume II at 8. According to the PSI, he reported that he started to use alcohol at age nineteen and marijuana at age twenty-two, he used marijuana daily until age thirty-nine when he claimed he quit, and he participated in substance abuse treatment while incarcerated in the Indiana Department of Correction (the "DOC") in 2003. The PSI indicates he stated that he experimented with cocaine once in 1998, started daily usage at age thirty-nine, continued until the present with his last use being on March 5, 2019, and "conveyed he was 'clean' for five (5) months from September 2018 to February 2019."[3] Appellant's Appendix Volume II at 32. It states that he reported using methamphetamine two or three times at age forty-two and three times in March 2019 and experimented with acid two or three times at age twenty-four, mushrooms four times at age thirty-eight, and Vicodin two or three times in the 1990s. While the PSI indicates that

---

[3] Although the PSI states that he was clean until "February 2018," it appears to reference instead February 2019. Appellant's Appendix Volume II at 32.

he denied the use of all other drugs and stated that he participated in intensive outpatient treatment through the VA Northern Indiana Health Care System in Fort Wayne from September 2018 to February 2019, it reveals that he had positive urine screens for cocaine on December 17, 2018; January 4, 22, and 24, 2019; and February 4 and 6, 2019.[4] It further indicates that on February 8, 2019, he failed to return to the Shepherd's House, and on February 11, 2019, he failed to appear for court.

[12] According to the PSI, Dowty's criminal history consists of: burglary as a class C felony and receiving stolen property as a class D felony for which he was sentenced in 1996; burglary as a class C felony and receiving stolen property as a class D felony for which he was sentenced in 2000; sexual misconduct with a minor as a class B felony for which he was sentenced in 2001; burglary as a class C felony in 2012 for which he was sentenced in 2013 to six years in the DOC with four years executed and two years suspended, probation, substance abuse evaluation, Criminal Intervention Program, and restitution; driving while suspended as a class A misdemeanor for which he was sentenced in 2012 to thirty days; and false informing as a class B misdemeanor for which he was sentenced in 2015 to 180 days, thirty days executed and 150 days suspended. In Cause No. 780, Dowty received concurrent sentences of one and one-half years on each count, which was less than the recommendation of the probation

---

[4] The PSI also indicates that on December 17, 2018, Dowty had a diluted urine screen, and on December 27, 2018, and February 1, 2019, he missed two urine screens.

officer who prepared the PSI of two years and one hundred and eighty-three days on each count. After due consideration, we conclude that Dowty has not sustained his burden of establishing that his sentence in Count No. 780 is inappropriate in light of the nature of the offenses and his character.[5]

## Conclusion

For the foregoing reasons, we affirm Dowty's sentence.

Affirmed.

Altice, J., and Tavitas, J., concur.

---

[5] To the extent Dowty argues that the court abused its discretion in sentencing him by failing to consider that his incarceration will result in an undue hardship to his dependent wife who, per counsel's argument, "is suffering from ALS," Transcript Volume II at 6, we need not address this issue because we find that his sentence is not inappropriate. *See Chappell v. State*, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012) (noting that any error in failing to consider the defendant's guilty plea as a mitigating factor is harmless if the sentence is not inappropriate) (citing *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007) (holding that, in the absence of a proper sentencing order, Indiana appellate courts may either remand for resentencing or exercise their authority to review the sentence pursuant to Ind. Appellate Rule 7(B)), *reh'g denied*; *Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (noting that, "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate"), *trans. denied* ), *trans. denied*; *Shelby v. State*, 986 N.E.2d 345, 370 (Ind. Ct. App. 2013) (holding that "even if the trial court did abuse its discretion by failing to consider the alleged mitigating factor of residual doubt, this does not require remand for resentencing" and citing *Windhorst* and *Mendoza*), *trans. denied*.